## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Marolina Outdoor, Inc. d/b/a HUK<br><br>and<br><br>Kryptek Outdoor Group, LLC,<br><br>Defendants. | Case No. 1:18-cv-00608<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**<br>(2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(3) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(4) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(6) **COMMON LAW TRADEMARK INFRINGEMENT;**<br>(7) **COMMON LAW UNFAIR COMPETITION;**<br>(8) **COMMON LAW MISAPPROPRIATION; AND**<br>(9) **UNJUST ENRICHMENT.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Marolina Outdoor, Inc. d/b/a HUK ("HUK") and Kryptek Outdoor Group, LLC ("Kryptek"), (collectively, "Defendants"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Marolina Outdoor, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2265 Clements Ferry Road, Suite 209, Charleston, South Carolina 29492, that does business under the name HUK.

3.      On information and belief, Kryptek Outdoor Group, LLC is a company organized and existing under the laws of the State of Delaware with a principal place of business at 291 E Shore Drive, Suite 150, Eagle, Idaho 83616.

## Jurisdiction and Venue

4.      This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Defendants have advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute, infringing products to customers and/or potential customers through retail stores in the State of

Texas, including in this District, (ii) Defendants have advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute, infringing products to customers and/or potential customers, including in this District, through Defendants' websites, including, for example, e.g., www.hukgear.com, https://www.facebook.com/HukGear, https://twitter.com/HukGear, https://www.instagram.com/hukgear, https://kryptek.com, https://www.facebook.com/kryptekoutdoors, https://twitter.com/kryptekoutdoors, and https://www.instagram.com/kryptekoutdoorgroup, (iii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iv) on information and belief, Defendants' acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (v) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Intellectual Property

8.      YETI has used the trademark "YETI" throughout the United States in connection with advertising and promoting YETI's goods and services, including apparel such as shirts, sweatshirts, headwear, shorts, and vests.

9.      In view of YETI's extensive and continuous use of "YETI," consumers have come to associate "YETI" as a source identifier of YETI, and YETI owns trademark rights in "YETI," including owning several trademark registrations for the "YETI" trademark, such as:

     i.      Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for "portable coolers";

    ii.    Trademark Registration No. 4,948,370 ("the '370 Registration") for

             _YETI_ for "clothing, namely, shirts, jerseys, shorts, pants, hats, caps,

             sweatshirts, socks, jackets"; and

    iii.    Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI"

             for "clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks,

             jackets."

Copies of these trademark registrations are attached as Exhibits 1-3. Additionally, the '869, '370, and '371 Registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of YETI's exclusive rights to use the marks in commerce pursuant to 15 U.S.C. § 1115(b). YETI also has common law rights in the "YETI" trademark based on YETI's use of "YETI" in commerce in connection with, *inter alia*, apparel and portable coolers. YETI's rights in the "YETI" trademarks, including its registered and common law rights, are collectively referred to as "YETI's Trademarks."

10.    Exemplary images of YETI apparel products bearing YETI's Trademarks are shown below in Illustration 1.

| Illustration 1:  Exemplary Images of YETI® Apparel Products Bearing YETI Trademarks |
| --- |



11.     As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of YETI's Trademarks, YETI's exclusive, continuous, and substantial advertising and promoting of products bearing YETI's Trademarks, and the publicity and attention that has been paid to YETI's Trademarks, these trademarks have become famous and have acquired valuable goodwill in the marketplace, as consumers have come to uniquely associate YETI's Trademarks as source identifiers of YETI.

**General Allegations – Defendants' Unlawful Activities**

12.     Defendants have purposefully advertised, promoted, offered for sale, sold, and/or

distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute products, including at least apparel, that violate YETI's rights, including the rights protected by YETI's intellectual property, including YETI's Trademarks.  On information and belief, Defendants also are making such infringing products in and/or importing such infringing products into the United States.  Defendants have unlawfully used and continue to unlawfully use YETI's Trademarks and/or colorable imitations thereof, in connection with *inter alia*, advertising, promoting, offering to sell, selling, and distributing Defendants' infringing products, and are thereby infringing and diluting YETI's Trademarks and intentionally trading on YETI's goodwill. Defendants' actions have all been without the authorization of YETI.

13.    Defendants' infringing products include at least apparel products, such as shirts, jackets, sweatshirts, headwear, and pants, that are identical to YETI's goods and/or substantially similar to YETI's goods.  Examples of Defendants' infringing uses of YETI's Trademarks and/or colorable imitations thereof are shown below in Illustration 2.

| Illustration 2:  Examples of Defendants' Infringement of YETI's Trademarks |
|---|



14.     As a result of Defendants' activities related to their use of YETI's Trademarks and/or colorable imitations thereof, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

15.     YETI used YETI's Trademarks extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing their infringing products. Moreover, YETI's Trademarks became famous in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's Trademarks.

16.     On information and belief, Defendants' were aware of YETI's Trademarks before Defendants began advertising, promoting, selling, offering to sell, or distributing their infringing products.

17.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by Defendants' direct copying and unlawful use of YETI's Trademarks with knowledge of YETI's Trademarks and with the intent of benefiting from YETI's goodwill in YETI's Trademarks.

18.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

19.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks, including at least the trademarks protected by the '371 Registration, the

'371 Registration, and the '869 Registration, in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Defendants have infringed YETI's Trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products is likely to cause confusion, or to cause mistake, or to deceive.   Moreover, the '869, '370, and '371 Registrations predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

21.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

22.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

23.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

24.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

26.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

27.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

9

28. On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

29. YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

30. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31. Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous trademarks.

32. YETI's Trademarks are famous and are entitled to protection under the Lanham Act. YETI has extensively and continuously promoted and used YETI's Trademarks throughout the United States. Through that extensive and continuous use, YETI's Trademarks have become

famous and well-known indicators of the origin and quality of YETI's products throughout the United States, and YETI's Trademarks are widely recognized by the public throughout the United States as a designation of the source of YETI and YETI's products. Moreover, YETI's Trademarks became famous before Defendants commenced their unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

33.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

34.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

35.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count IV:**
**Trademark Dilution Under Tex. Bus. & Com. Code § 16.103**

36.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing

products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's Trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous trademarks.

38.     YETI's Trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used YETI's Trademarks in the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the State of Texas generally and in geographic areas in Texas, and YETI's Trademarks are widely recognized by the public in the State of Texas generally and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  Moreover, YETI's Trademarks became famous before Defendants commenced their unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

39.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

40.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is

evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

41.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

42.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43.     Defendants' activities described above, including, for example, their advertisements, marketing, promotions, offers to sell, sales, distribution, manufacturing, and/or importing of the infringing products in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to YETI through Defendants' use of YETI's Trademarks and/or colorable imitations thereof and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' infringing products, at least by creating the false and misleading impression that their infringing products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

44.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of

the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

45.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

46.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

47.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Common Law Trademark Infringement**

48.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Defendants' activities described above, including, for example, their use of YETI's Trademarks and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or

14

deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

50.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used YETI's Trademarks in the United States and the State of Texas.   Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.    YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

51.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

52.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

53.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Unfair Competition**

54.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55.     Defendants' activities described above, including, for example, their advertisements, marketing, promotions, offers to sell, sales, distribution, manufacturing, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least due to Defendants' palming off/passing off their goods and services as those of YETI, by virtue of simulating YETI's Trademarks, and/or by using YETI's Trademarks in a manner that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' infringing products, at least by creating the false and misleading impression that their infringing products are manufactured by, sold by, authorized by, or otherwise associated with YETI.  Defendants have also interfered with YETI's business and obtained an unfair advantage compared to YETI.

56.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

57.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law,

including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

58.    On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

59.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Misappropriation**

60.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 59 as though fully set forth herein.

61.    Defendants' activities described above, including, for example, their advertisements, marketing, promotions, offers to sell, sales, distribution, manufacturing, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

62.    YETI has developed YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks through extensive time, labor, effort, skill, and money. Defendants have wrongfully used YETI's Trademarks and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Defendants' infringing products, by creating the false and misleading impression that their infringing products are

17

manufactured by, sold by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

63.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

64.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.  Moreover, as a result of their misappropriation, Defendants have profited and continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks.

65.     On information and belief, Defendants' misappropriation of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

66.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Unjust Enrichment**

67.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68.     Defendants' activities described above, including, for example, their advertisements, marketing, promotions, offers to sell, sales, distribution, manufacturing, and/or importing of the infringing products in connection with YETI's Trademarks and/or colorable imitations thereof, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

69.     YETI developed YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks through extensive time, labor, effort, skill, and money. Defendants have wrongfully used and are wrongfully using YETI's Trademarks and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

70.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants'

unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

71.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.   Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying unearned benefits of YETI's hard-earned goodwill and reputation.

72.     On information and belief, Defendants' unjust enrichment at YETI's expenses has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks in an effort to sell the infringing products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

73.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

## **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendants have (i) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) violated YETI's common law rights in YETI's trademarks; (vii) engaged in common law unfair competition; (viii) engaged in common law misappropriation; (ix) been unjustly enriched at YETI's expense; and that all of these wrongful activities by Defendants were willful;

2.      An injunction against further infringement and dilution of YETI's trademarks, and further acts of unfair competition, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, licensees, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing the destruction of all infringing products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, including on the Internet, in the possession, custody, or control, of Defendants, bearing YETI's trademarks and/or colorable imitations thereof, pursuant to at least 15 U.S.C. § 1118;

4.     An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.     An Order directing Defendants to publish a public notice providing proper attribution of YETI's trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.     An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.     An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.     Such other and further relief as this Court deems just and proper.


Dated:  July 20, 2018                              Respectfully submitted,


                                        By: /s/ Joseph J. Berghammer
                                            Joseph J. Berghammer (admitted in the Western
                                            District of Texas)
                                            Illinois Bar No. 6273690
                                            jberghammer@bannerwitcoff.com
                                            Michael L. Krashin (pro hac vice forthcoming)
                                            Illinois Bar No. 6286637
                                            mkrashin@bannerwitcoff.com
                                            Victoria R. M. Webb (admitted in the Western
                                            District of Texas)
                                            Illinois Bar No. 6307279
                                            vwebb@bannerwitcoff.com
                                            Novaira T. Paul (pro hac vice forthcoming)
                                            Illinois Bar No. 6328598

npaul@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**